IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                                                Criminal Action No. 3:98cr327

CLAYTON B. PARRISH,
        Petitioner.

## MEMORANDUM OPINION

Clayton B. Parrish, a federal inmate filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 56) arguing that his firearm conviction and sentence are invalid under *United States v. Davis*, 139 S. Ct. 2319 (2019) and *Johnson v. United States*, 576 U.S. 591 (2015). The Government has responded. (ECF No. 63.) As explained below, Parrish's claim lacks merit and will be DISMISSED.

### I. PERTINENT FACTUAL AND PROCEDURAL HISTORY

On April 12, 1999, Parrish pleaded guilty to Hobbs Act robbery (Count One) and use and carry of a firearm in furtherance of a crime of violence, to wit, the Hobbs Act robbery charge (Count Two). (ECF No. 21.) On June 29, 1999, the Court sentenced Parrish to 132 months of imprisonment. (ECF No. 28, at 2.)

### II. ANALYSIS

In *Johnson v. United States*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")][1] violates the

---

[1] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

Constitution's guarantee of due process," because the residual clause of the ACCA defines "violent felony" in an unconstitutionally vague manner. *Id.* at 597–98, 606. Subsequently, in *Welch v. United States*, the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." 578 U.S. 120, 135 (2016).

Section 924(c)(1)(A) of Title 18 of the U.S. Code provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

At the time of Parrish's conviction, the United States could demonstrate that an underlying offense constituted a crime of violence by establishing that the offense was a felony and satisfied one of two requirements. Namely, the statute defines a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3). The Supreme Court recently invalidated the residual clause of § 924(c). *Davis*, 139 S. Ct. at 2336 (holding that "§ 924(c)(3)(B) is unconstitutionally vague"). Thus, for Parrish's § 924(c) conviction in Count Two to pass constitutional muster, it must have been predicated on a crime of violence that satisfies the Force Clause of § 924(c).

---

18 U.S.C. § 924(e)(1). Under the Residual Clause of ACCA, the term "violent felony" is "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 576 U.S. at 593 (quoting 18 U.S.C. § 924(e)(2)(B)).

2

The United States Court of Appeals for the Fourth Circuit has held that Hobbs Act robbery constitutes a valid crime of violence under the Force Clause. *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). Accordingly, Hobbs Act robbery remains a valid predicate for the § 924(c) charge in Count Two.

### III. CONCLUSION

The § 2255 Motion, (ECF No. 56), will be DENIED. Parrish's claim and the action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 4 May 2022
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge